[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE ARBITRATION AWARD
On December 7, 1985, Ernestine Coon was a passenger in a vehicle owned and operated by Robert Sabo. The Sabo vehicle was struck by a vehicle owned and operated by Anthony Sacco, causing injuries to Ernestine Coon.
At the time of the accident Anthony Sacco (hereinafter "tortfeasor") had insurance through the Aetna Insurance Company in the amount of $25,000.00 per individual, $50,000.00 per accident. Ms. Coon was awarded $25,000.00 by the Aetna and the remaining $25,000.00 was paid to two other injured persons. Ms. Coon's injuries exceeded $25,000.00 and she looked to underinsured motorist coverage for further payment.
At the time of the accident Ms. Coon had an insurance policy through North River Insurance Company ("North River") with an underinsured limit of $20,000.00 per person.
Also at the time of the accident Robert Sabo had underinsurance coverage in the amount of $50,000.00 provided by Covenant Insurance Company ("Covenant").
In their decision the arbitrators, after applying all applicable set-offs and credits, awarded Ernestine Coon net damages in the amount $45,000.00 of which $32,142.86 was to be paid by Covenant Insurance Company and $12,857.14 was to be paid by North River Insurance Company. In the arbitration proceeding, the arbitrators had determined that the Sacco vehicle (insured by Aetna) was "underinsured" within the meaning of the statutes. In order to reach this conclusion, they stacked the underinsured motorist coverages under the Covenant and North River policies to reach a total underinsured motorist coverage of $70,000.00. They then compared this sum against the sum of $25,000.00, the amount of liability coverage which they considered to be applicable to the Sacco vehicle. Comparing these two CT Page 715 sums, they concluded that there was $45,000.00 of underinsured motorist coverage available to Coon and they awarded the full amount of this sum to Coon.
Both Covenant and North River seek to vacate the award of the arbitrators. Covenant seeks to vacate the award for two reasons:
First, Covenant claims that the Sacco vehicle was not an "underinsured motor vehicle" because the arbitrators should have looked at the aggregate, "per accident" liability coverage on the Sacco vehicle, i.e., $50,000.00, in order to determine whether Sacco's vehicle was underinsured. Instead, they looked only at the "per person" limits of $25,000.00. Covenant cites American Motorists Ins. Co. v. Gould, 213 Conn. 625 for its proposition.
The court believes that the Gould case is distinguishable from this case. Unlike Gould which involved a single limit liability policy, the tortfeasor in the case at bar had liability limits of $25,000.00 per person, $50,000.00 per accident. Ms. Coon exhausted the $25,000.00 per person limit. A distinction must be made between the facts of the present case and those in Gould. Gould involved single liability limit policies. In this case, the tortfeasor had per person and per accident coverage. Thus, in determining the threshold question of whether the tortfeasor's vehicle was underinsured, one must compare his $25,000.00 liability limit to the underinsured limit of $70,000.00 available to Ms. Coon. The court finds that the Sacco vehicle was an underinsured vehicle.
Second, Covenant claims it is entitled to have the sum of $50,000.00 set off from its underinsured coverage of $50,000.00, thereby leaving no remaining coverage. Covenant claims that the arbitrators erred when they allowed only the sum of $25,000.00 as a set-off, because the sum of $50,000.00 had been paid on behalf of the tortfeasor to all the victims in the accident. Covenant again cites Gould for this proposition. However, the court again finds the Gould case distinguishable. In Gould the insurance policy provided liability limits of $100,000.00 per accident. The policy did not have an individual limit as well as an accident limit. Furthermore, the Covenant policy provides: "Any payment under this coverage will reduce any amount that person is entitled to recover. . ." Ms. Coon recovered $25,000.00 which was the maximum available to her under the tortfeasor's policy. That is the amount which should be set off.
North River also seeks to vacate the award claiming that the Sacco vehicle was not an "underinsured motor vehicle." CT Page 716 The court disagrees. The Coon vehicle (insured by North River) had $20,000.00 underinsured coverage and the Sabo vehicle (insured by Covenant) had $50,000.00 underinsured coverage. Thus, there was $70,000.00 underinsured coverage. Clearly, stacking is permitted. Nationwide Insurance Co. v. Gode, 187 Conn. 386. The case of Farm City Insurance Co. v. Stevens, 215 Conn. 157
is inapplicable. In that case the defendant attempted to stack the underinsured motorist coverage of the tortfeasor's policy with the underinsured motorist coverage of his wife's policy. The Supreme Court disallowed that particular type of stacking.
Another issue raised by the parties is whether the arbitrators were correct in prorating between Covenant and North River the monies to be awarded to Coon. The court finds the arbitrators were correct in prorating between the two companies the monies awarded to Coon. "Where two policies contemplate the particular risk equally, liability will be prorated based upon the policy limits." Continental Casualty v. Aetna Casualty Surety Company, 823 F.2d 708 at page 712; citing Sacharko v. Center Equities Limited Partnership, 2 Conn. App. 439,479.
Accordingly, the motion to vacate the arbitration award is denied.
FRANCES ALLEN SENIOR JUDGE